IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **VINSON EDWARD WHATLEY,** | : | |
| **Plaintiff** | : | |
| VS. | : | |
| | : | **CIVIL No: 5:14-CV-0295-MTT-CHW** |
| **Sergeant BRENDEN BROWN, et. al.** | : | |
| **Defendants** | : | |

## ORDER & RECOMMENDATION

Plaintiff Vinson Edward Whatley, an inmate confined at Central State Prison in Macon, Georgia, has filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed without prepayment of the $350.00 filing fee and has moved for the appointment of counsel counsel.

### I. Motion to Proceed *in forma pauperis*

Plaintiff's submissions show that he is currently unable to pre-pay the Court's $350.00 filing fee. His Motion to Proceed *in forma pauperis* (Doc. 2) is thus **GRANTED.**[1] See 28 U.S.C. § 1915(b). This does not mean that the filing fee is waived, however. Plaintiff is still required to pay the full amount of the $350.00 filing fee using the payment plan as ordered herein.

### II. Preliminary Review

Because Plaintiff will not be required to pre-pay any portion of the filing fee, the undersigned has also now conducted a preliminary review of Plaintiff's Complaint, as required by

---

[1] A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff no strikes for the purposes of 28 U.S.C. § 1915(g).

28 U.S.C. § 1915A(a), and will allow his claims against Sergeant Brenden Brown to go forward. It is **RECOMMENDED**, however, that all other claims and parties, as discussed herein, be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

### A. Standard of Review

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a prisoner's pleading is still subject to dismissal prior to service if the court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or fails to state a claim. See 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-556.

### B. Plaintiff's Claims

The present action arises out of an alleged use of excessive force at Central State Prison in Macon, Georgia. The Complaint alleges that a corrections officer, Defendant Brenden Brown, "intentionally and violently" shoved Plaintiff's head against a wall, causing Plaintiff to temporarily lose consciousness. Defendant Brown then allegedly "slammed" Plaintiff to the ground and repeatedly "shoved" his head into the concrete floor. Plaintiff suffered "visible" injuries to the back of his head. He later filed a grievance but received no response from Deputy Warden Mizell Davis. Warden Belinda Davis likewise failed to respond to a letter from Plaintiff.

1. <u>Claims against Sergeant Brown</u>

Plaintiff's allegations, when liberally construed and read in his favor, are sufficient to state an Eighth Amendment claim against Defendant Brenden Brown. It is thus **ORDERED** that service be made on this defendant and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant Brown is also reminded of his duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

2. <u>Claims against Deputy Warden Mizell Davis and Warden Belinda Davis</u>

In the Complaint, Plaintiff alleges that he reported the alleged use of excessive force to both Deputy Warden Mizell Davis and Warden Belinda Davis after it occurred. These allegations do not state a constitutional claim. To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. <u>H.C. by Hewett v. Jarrard</u>, 786 F.2d 1080, 1086-87 (11th Cir.

1986).  Plaintiff has not made any such allegations here.  "[P]articipation by Defendants in the after-the-fact review of [Plaintiff's] complaint[] is not enough to establish personal involvement" as is necessary to support a claim.  Pride v. Danberg, No. 08–848–RK, 2009 WL 151535, *3 (D. Del. Jan.22, 2009).  See also, Ward v. Scribner, 1:05-CV-01618, 2006 WL 1651697, *4 (E.D. Cal. June 12, 2006) ("Plaintiff's bare allegation indicating that [the] defendant ... knew something had occurred is insufficient to impose liability"); Ware v. Owens, No. CV612–056, 2012 WL 5385208, at * 2 (S.D. Ga. Sept. 28, 2012); ("failure to respond to an inmate's letters does not result in a violation of that inmate's constitutional rights"); Larson v. Meek, 240 F. App'x 777, 780 (10th Cir. 2007) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations").

Plaintiff also seems to allege that these defendants failed provide him with medical care.  To state an Eighth Amendment claim for inadequate medical care, a plaintiff must allege facts to show (1) that his medical need was objectively serious; and (2) that the defendant acted with deliberate indifference to his serious need.  Wilson v. Seiter, 501 U.S. 294, 297 (1991).  Here, even if the Court were to assume that Plaintiff's head injury was sufficiently serious to invoke Eighth Amendment protections, Plaintiff's conclusory allegations are not sufficient to state a claim.  Plaintiff's Complaint does not describe how or when he was denied medical treatment or allege any facts to show that these defendants were subjectively aware of "a risk of serious harm" to Plaintiff and disregarded that risk "by conduct that is more than mere negligence." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011).

It is therefore **RECOMMENDED** that Plaintiff's claims against Deputy Warden Mizell Davis and Warden Belinda Davis be **DISMISSED** for failure to state a claim.[2]  Plaintiff may

---

2 To the extent Plaintiff attempts to assert a First Amendment retaliation claim against Defendants on behalf of witness Robert Tucker, that claim would also fail.  Non-lawyer, *pro se* inmates are not permitted to pursue claims in

serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

### III.   Motion for Appointment of Counsel

Plaintiff has also filed a motion for the appointment of counsel (Doc. 3). This request is premature. Plaintiff's need for counsel cannot be properly evaluated until responsive pleadings have been filed. Even then, however, there is no constitutional right to counsel in a civil case. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir.1999). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision and should appoint counsel only in exceptional circumstances." Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014). In this case, the facts are not complicated or unusual; and the law governing Plaintiff's claims is neither novel nor complex. There are thus no exceptional circumstances to support the appointment of counsel. See id.; Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Plaintiff's request for court-appointed counsel is accordingly **DENIED**.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be

---

federal court on behalf of others; and Plaintiff lacks standing to bring such claims himself. *See Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla.*, 351 F.3d 1112, 1116 (11th Cir. 2003) ("a party generally may assert only his or her own rights and cannot raise the claims of third parties not before the court").

dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a

deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 19th day of August, 2014.

              s/ Charles H. Weigle
              Charles H. Weigle
              United States Magistrate Judge