IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| VINSON EDWARD WHATLEY, | : | |
| Plaintiff, | : | |
| v. | : | No. 5:14-CV-00295 (MTT) (CHW) |
| Sergeant BRENDEN BROWN, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Brown. Doc. 11. Because Plaintiff failed to exhaust his available administrative remedies, it is **RECOMMENDED** that the Defendant's Motion be **GRANTED** (Doc. 11), and that Plaintiff's Complaint be **DISMISSED**.

## BACKGROUND

On August 11, 2014, the Court received Plaintiff Vinson Edward Whatley's original complaint in the above-styled case pursuant to 42 U.S.C. § 1983. In the original complaint, which is dated July 31, 2014, Plaintiff alleges that on June 7, 2014, a corrections officer, Defendant Brenden Brown, "intentionally and violently" shoved Plaintiff's head against a wall, causing Plaintiff to lose consciousness. Defendant Brown then allegedly "slammed" Plaintiff to the ground and repeatedly "shoved" his head into the concrete floor. Plaintiff suffered "visible" injuries to the back of his head.

On initial review under 28 U.S.C. § 1915A, Plaintiff's Eighth Amendment claims against Sergeant Brown were allowed to go forward; however, Plaintiff's claims against Deputy Warden Mizell Davis and Warden Belinda Davis were dismissed. Docs 6, 9. Defendant Brown moved to dismiss Plaintiff's complaint on October 16, 2014, and also moved to stay discovery pending

1

resolution of Defendant's Motion to Dismiss. Docs. 11, 12. The Court granted the Motion to Stay (Doc. 13) and ordered Plaintiff to respond (Doc. 14). Plaintiff filed his response on November 4, 2014, and Defendant replied on November 20, 2014. Docs. 15, 16. Defendant claims Plaintiff has failed to exhaust his administrative remedies.

## EXHAUSTION

Before this Court may address Plaintiff's claims on the merits, it must determine whether Plaintiff exhausted his available administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *Bryant v. Rich*, 530 F.3d 1368, 1372–78 (11th Cir. 2008) (noting that exhaustion is "a precondition to an adjudication on the merits"). "To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process." *Id.* (internal quotation marks omitted). This rule applies even where the administrative process is "futile and inadequate." *Alexander v. Hawk*, 159 F.3d 1321, 1325–28 (11th Cir. 1998). That said, administrative remedies must be "available" for the exhaustion requirement to apply. *See, e.g.*, *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1322–26 (11th Cir. 2007).

Because exhaustion is "a matter in abatement," it is properly the subject of dismissal. *Bryant*, 530 F.3d at 1374-75. As with other matters in abatement, courts may consider facts outside of the pleadings when determining whether a prisoner properly exhausted his available administrative remedies. *Id.* at 1376. Additionally, courts may resolve factual disputes so long as those disputes do not decide the merits, and so long as the parties have a sufficient opportunity to develop a record. *Id.*

In ruling upon motions to dismiss based upon the affirmative defense of failure to exhaust, courts in this Circuit follow a two-step process established by *Turner v. Burnside*, 541

F.3d 1077 (11th Cir. 2008). First, courts look to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, the court takes the plaintiff's version of the facts as true. *Turner*, 541 F.3d at 1082. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. If the complaint is not subject to dismissal based on the plaintiff's version of the facts, the court must proceed to the second step, where it makes specific findings of fact in order to resolve the disputed factual issues related to exhaustion. *Id.* At the second step, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. *Id.*

## AVAILABLE ADMINISTRATIVE REMEDIES

During the period relevant to this case, the Georgia Department of Corrections provided prisoners like Plaintiff with a two-step grievance procedure. Doc. 11-2, pp. 7–21. At step one, a prisoner wishing to file a grievance is required to file no later than 10 calendar days from the date he knew or should have known of the facts underlying his grievance. *Id.*, p. 13. The procedure allows the Grievance Coordinator to waive this time limit "for good cause." *Id.*, p. 14. The Warden must respond within 40 days. Id., p. 16. If this initial grievance is rejected, the prisoner is required to appeal within 7 calendar days. Doc. 11-2, p. 17. If the time allowed for a response expires without a response, the Plaintiff may also file an appeal. *Id*.

## ANALYSIS

In applying *Turner* to this case, it is unclear whether Defendant is entitled to dismissal at step one. Plaintiff alleges that he filed a grievance on June 17, 2014, but that a prison counselor misplaced it. Doc. 15, p. 2. He submits a signed witness statement from a fellow inmate, Robert Tucker, who confirms that he helped Plaintiff prepare the grievance on June 17, and that he took

Plaintiff to the office of counselor Evans-Preston to submit the grievance. Doc. 15-1, p. 1. The grievance procedure requires the warden to provide a response within forty days of receipt of the grievance by a counselor. 11-2, p. 16. When more than forty days had elapsed without response, Plaintiff contends that he asked another counselor, Jenkins, about the status of his grievance. Doc. 15, p. 2. After Plaintiff showed counselor Jenkins a copy of his grievance, Jenkins called Evans-Preston. *Id*. Jenkins then informed Plaintiff that the grievance had been misplaced. *Id*. This evidence would suggest that the ordinary grievance procedure was not available to Plaintiff in connection with the alleged use of force by Defendant Brown.

On July 31, 2014, Plaintiff filed a new grievance, alleging that counselor Evans-Preston misplaced his grievance and deprived him "of the necessary grievance procedure which is a precursor to a lawsuit." Doc. 11-2, p. 37. He stated that he learned the grievance had not been processed when he spoke with counselor Jenkins on July 30, 2014. As relief, Plaintiff requested that the prison "give receipt of [the] received grievance." *Id*. This grievance was denied based on the statement of counselor Evans-Preston that she never received a grievance from Plaintiff. Doc. 11-2, p. 38. There is no indication that Plaintiff attempted to appeal the denial of this grievance.

Although the Court did not receive the Plaintiff's Complaint in this case until August 11, the Complaint is dated July 30, 2014[1], the day before Plaintiff filed his grievance regarding the mishandling of his first grievance. In the Complaint, Plaintiff states that "the administrator or co-ordinator failed to answer the grievance written 6-17-14." Doc. 1, p. 3. He notes that the time limitation for response to the grievance had expired without a response. Doc. 1, p. 4.

In response to Plaintiff's evidence, Defendants have submitted Plaintiff's grievance history, which has no record of a grievance filed on June 17, 2014. Doc. 11-2, p. 33. Defendants have also submitted a copy of the grievance filed by Plaintiff on July, 31, 2014, which references

---

[1] A delay of twelve days is not inconsistent with this Court's experience of the prison mail process.

the June 17 grievance, along with the signed witness statement of Merita Ann Evans-Preston, who states that she did not receive a grievance from Plaintiff on June 17, 2014. Doc. 11-2, pp. 37-38. There is no affidavit from Evans-Preston or from counselor Jenkins. The affidavit of Mizell Davis, deputy warden of care and treatment, states that Plaintiff did not appeal the denial of the July 31 grievance or attempt to file an out of time grievance concerning the use of force by Defendant Brown. Doc. 11-2, p. 4.

At step two of the *Turner* analysis, the Court must weigh the evidence and make findings of fact. The weight of the evidence supports a finding that Plaintiff did not fully and properly exhaust his administrative remedies. The only evidence that Plaintiff filed a grievance on June 17, 2014, comes from Plaintiff's brief and from the witness statement by fellow inmate Tucker. Defendants have shown that they have no record of this grievance and have submitted a signed statement by Evans-Preston indicating that she did not receive any such grievance. The credibility of Plaintiff's evidence is undermined by the fact that Plaintiff has not submitted a copy of the alleged June 17 grievance, even though he states in his response brief that he kept a copy and showed it to counselor Jenkins on July 30. Doc. 15, p. 2.

Even if Plaintiff's account were to be accepted as credible, the undisputed record shows that he did not fully exhaust his available remedies. The grievance procedure allowed Plaintiff to file an untimely grievance "for good cause." Doc. 11-2, p. 14. The procedure also allowed Plaintiff to appeal the lack of response to his initial grievance. Doc. 11-2, p. 17. Either procedure would have allowed Plaintiff to raise the alleged failure to process his original grievance. Plaintiff did not do so, nor did he seek to appeal the denial of his later grievance regarding the failure to process his grievance.

Because the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 90, 93–97 (2006), and because the Defendant has met the burden of demonstrating that Plaintiff did not file a timely grievance following the alleged June 7, 2014 incident, and also that Plaintiff did not make appropriate efforts to remedy any alleged failure to process his grievances, it is Recommended that Plaintiff's complaint be dismissed.

## CONCLUSION

Because Plaintiff failed to exhaust his available administrative remedies, it is **RECOMMENDED** that the Defendant's Motion be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 15th day of April, 2015.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge